SO ORDERED.

Dated: March 20, 2017

Eddward P. Ballinger Jr., Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Eddward P. Ballinger, Jr. |
| Case Name: | Southwest Holdings Group, Inc. - Chapter 11 |
| Case Number: | 2:14-bk-18253-EPB |
| Adversary Name: | Southwest Holdings Group, Inc., and Ronald and Cindy Peterson v. Ayers & Brown, P.C., and Thomas G. and Jane Doe Luikens |
| Case Number: | 2:15-ap-00215-EPB |
| Subject of Matter: | Motions for Summary Judgment on Liability and Damages |
| Date Taken Under Advisement: | February 15, 2017 |
| Date Matter Ruled Upon: | March 20, 2017 |

Plaintiffs Southwest Holdings Group, Inc., and Ronald and Cindy Peterson requested summary disposition of the claims asserted against them by Defendants Ayers & Brown, P.C., and Thomas G. and Jane Doe Luikens. Defendants filed a cross-motion for summary judgment on Plaintiffs' breach of contract claim. Oral argument was held February 15, 2017, at which time the parties agreed that the claims related to Plaintiffs Ronald and Cindy Peterson should be

1

dismissed.  The parties also agreed to entry of summary judgment against Defendants Thomas G. and Jane Doe Luikens on Plaintiffs' claims for legal malpractice, negligence, and breach of fiduciary duty.  The Court denied Plaintiffs' request for summary judgment on these three tort claims as to Defendant Ayers & Brown, P.C.  With respect to Plaintiffs' breach of contract claim, the Court took the issue under advisement.

The issue before the Court is whether Plaintiffs can maintain both a tort and breach of contract claim based on the undisputed facts.  The law in Arizona is well-settled that a legal malpractice claim is a tort claim that does not also give rise to a breach of contract claim except in very limited circumstances.  *Collins v. Miller & Miller, Ltd.*, 189 Ariz. 387, 395, 943 P.2d 747, 755 (App. 1996).  This is because malpractice claims arise out of the breach of a legal duty imposed by law, not one imposed by contract.  *Barmat v. John & Jane Doe Partners A-D*, 155 Ariz. 519, 524, 747 P.2d 1218, 1223 (1987).   "Absent some special contractual agreement or undertaking between those in the professional relationship, . . . a professional malpractice action does not 'arise' from contract, but rather from tort."  *Id.; see also Environmental Liners, Inc. v. Ryley, Carlock & Applewhite,* 187 Ariz. 379, 387, 930 P.2d 456, 464 (App. 1996) ("When it is the gravamen of a legal malpractice claim that a lawyer has violated his implied duty to provide reasonably competent and ethical services, that claim sounds in tort, not in contract.").

Plaintiffs argue that there was in fact a specific contractual agreement in this case whereby counsel orally agreed to file a plan of reorganization.  For purposes of this motion, the Court assumes such an oral agreement exists.  Plaintiffs go on to say that "*implicit* in that agreement, was that [counsel] would comply" with the applicable 300-day plan filing deadline set forth in 11 U.S.C. § 1121(e).  Docket 57, Minute Entry February 15, 2017, Hearing, 11:47:43.  Plaintiffs admit there was no explicit promise to file a reorganization plan prior to this

2

Case 2:15-ap-00215-EPB    Doc 59    Filed 03/20/17    Entered 03/20/17 13:09:25    Desc
Main Document      Page 2 of 6

deadline, but assert that this requirement was "implicit" in counsel's generic undertaking to file a plan and therefore, under *Barmat*, the claim arises under contract. Docket 57, Minute Entry February 15, 2017, Hearing, 11:50:30.

The Court disagrees. Accepting Plaintiffs' position equates to agreeing that a potential breach of contract action will always exist when counsel undertakes to perform some specific legal task, as there is always an implicit duty to undertake such work in compliance within the procedural rules and statutory guidelines. That is not what the decision in *Barmat* holds. The *Barmat* case clearly distinguishes between duties imposed by law and duties created by contract. The primary question is whether the duty breached would have existed *but for* the contract. 155 Ariz. at 523, 747 P.2d at 1222. The duty to file a plan of reorganization within the statutory 300-day period exists regardless of whether counsel expressly agreed to file a plan or file the plan within 300 days. It is a duty imposed by law when an attorney represents a debtor in a Chapter 11 bankruptcy proceeding.

> Basically, contract law consists of enforcing the intention of the parties manifested through promises expressly made or implied from conduct. Tort law, on the other hand, is a matter of imposing duties to be recognized or not depending upon three primary considerations.
>
>> These considerations are: (1) the nature of the defendant's activity such as a builder or a manufacturer-seller of a product; (2) the relationship between the parties, such as occupier of land and business guest; and (3) the type of injury or harm threatened. The obligations which give rise to tort actions and which are imposed on the basis of the three factors just mentioned are created primarily on the basis of policy reasons of one kind or another apart from enforcing a commitment of an intention to do or not to do something in the future. These obligations, commonly referred to as [tort] duties, are often owed to all those within the range of harm or at least to some considerable class of people that can include parties to a contract.

3

Case 2:15-ap-00215-EPB    Doc 59    Filed 03/20/17    Entered 03/20/17 13:09:25    Desc
Main Document    Page 3 of 6

> W.L. PROSSER & W.P. KEETON, THE LAW OF TORTS § 92, at 655 (5th ed.
> 1984). Duties that are essentially contractual in nature, however, are generally
> owed only to the contracting parties.

*Id.*

*Collins v. Miller & Miller, Ltd.*, *supra*, involved a fact pattern very similar to the one presented here. The attorney client agreement in *Collins* specifically provided for the attorney to "provide reasonable and necessary services," including representing the clients "in litigation to recover assets which belonged to them." *Collins*, 189 Ariz. at 390, 943 P.2d at 750. The attorney subsequently filed a lawsuit on behalf of his clients, but not before the statute of limitations expired. The clients sued attorney for legal malpractice, negligence, breach of fiduciary duty and breach of contract. With respect to the breach of contract claim, the trial court granted attorney summary judgment, which the appellate court upheld on appeal, quoting *Lewin v. Miller Wagner & Co., Ltd.,* 151 Ariz. 29, 36, 725 P.2d 736, 743 (App. 1986):

> [W]here there is a contract for services which places the parties in such a
> relationship to each other that, in attempting to perform the promised service, a
> duty imposed by law as a result of the contractual relationship between the parties
> is violated through an act which incidentally prevents the performance of the
> contract, then the gravamen of the action is a breach of the legal duty, and not of
> the contract itself.

*Id.* at 395, 943 P.2d at 755. Specifically, the court held that

> [W]here there is an express contract between the professional and the client, an
> action for breach of that contract cannot be maintained if the contract merely
> requires generally that the professional render services. Only if there is a specific
> promise contained in the contract can the action sound in contract, and then only
> to the extent the claim is premised on the nonperformance of that
> promise. *See Towns v. Frey,* 149 Ariz. 599, 601, 721 P.2d 147, 149 (App.
> 1986) ("[T]he contract relied upon must itself contain an undertaking to do the
> thing for the nonperformance of which the action is brought."). *See generally* 1
> R. Mallen & J. Smith, *Legal Malpractice* § 8.5 at 588-91 (no cause of action for
> breach of express contract unless suing for breach of a specific promise).

*Id*.  In reviewing the contract, the court noted that there was no express promise in the attorney client agreement whereby the attorney promised to file the lawsuit within a certain time frame. The only promise was to "provide reasonably competent legal services." *Id*.

The *Collins* court also rejected plaintiff's argument that subsequent discussions and writings between the parties to file the lawsuit "without delay" created a contractual duty to file the lawsuit within the statute of limitations.  Even if those discussions and writings constituted an enforceable contract, the court held there was no promise that the lawsuit would be filed by a particular date.  As the court noted, the requirement to file a pleading within the rules applies generally to all cases covered by an attorney client agreement.  *See id.* at 396, 943 P.2d at 756.

Plaintiffs' reliance on *Asphalt Engineers, Inc. v. Galusha*, 160 Ariz. 134, 770 P.2d 1180 (App. 1989), is of no help here.  In that case, counsel specifically agreed to file various liens on behalf of his client.  The court agreed a breach of contract action existed because counsel failed entirely to do what he promised, as opposed to negligently performing these tasks.  There is a critical distinction between nonperformance and negligent performance.  This distinction is consistent with the holding in *Keonjian v. Olcott*, 216 Ariz. 563, 169 P.3d 927 (App. 2007), where counsel agreed to prepare a deed and give legal advice.  Because counsel in *Keonjian* in fact prepared the deed and provided the advice, the court refused to allow a breach of contract claim finding that counsel's contractual promise had been performed, albeit negligently:

> "Only if there is a specific promise contained in the contract can the action sound in contract, and then only to the extent the claim is premised on the nonperformance of that promise." *Collins v. Miller & Miller, Ltd.,* 189 Ariz. 387, 395, 943 P.2d 747, 755 (App.1996).  The key word is "nonperformance," and the distinction to be drawn is that between nonfeasance and malfeasance. The fact that an attorney may have carried out a task "in a negligent manner, in violation of the duty imposed on him by law to represent his client in accordance with the applicable standard of care, does not change the gravamen of the action from tort to contract." *Id.*

5

*Id.* at 567, 169 P.3d at 931. These facts differ from those in *Towns v. Frey,* 149 Ariz. 599, 721 P.2d 147 (App. 1986), where counsel expressly promised to negotiate a settlement and/or file a lawsuit and then failed entirely to do either. The court recognized a breach of contract claim in *Towns* because the attorney had failed to do what he had specifically promised to do – file a lawsuit or negotiate a settlement. That is not this case. Plaintiffs' counsel did just what they claim he promised: filed their reorganization plan.

For these reasons,

IT IS ORDERED granting Defendants' cross-motion for summary judgment on Plaintiffs' breach of contract claim. Counsel for Defendants shall lodge a form of order consistent with this decision.